IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALAN D. ROYSTER, # 224763, | * |
| | * |
|     Plaintiff, | * |
| | * |
| vs. | *   CIVIL ACTION NO. 21-00102-CG-B |
| | * |
| NOAH PRICE "TREY" OLIVER, III, | * |
| | * |
|     Defendant. | * |

**REPORT AND RECOMMENDATION**

Plaintiff Alan D. Royster, an Alabama state prisoner proceeding *pro se*, filed a "Motion for Compassionate Release." (Doc. 1). The motion was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R) for consideration and disposition or recommendation on all appropriate pretrial matters. After careful review, it is recommended that this action be **DISMISSED without prejudice**, prior to service of process, pursuant to 28 U.S.C. § 1915A(b)(1).

**I.   BACKGROUND**

Royster is an Alabama state prisoner currently incarcerated at the Mobile County Metro Jail.[1] He alleges that his parole was

---

[1] Royster names Noah Price "Trey" Oliver, III, the Warden of the Mobile County Metro Jail, as the Defendant in this action. (See Doc. 1 at 1).

revoked in June 2020, and that he is serving a sentence that expires in February 2023. (Doc. 1 at 3).[2]

In his motion, Royster moves for compassionate release under 18 U.S.C. § 3582(c) due to health risks posed by COVID-19 to prisoners living in close and overcrowded quarters. (Id. at 2). He also contends that "18 U.S.C. § 3142(i)(4) constitutes a separate statutory ground for post-conviction release." (Id. at 3). Royster states that he submitted a request to Warden Oliver "to bring motion for compassionate release before the Director of the Bureau of Prisons," but the "Warden responded that he would not do so, thus [Royster] submitted the request before the Director of the Bureau of Prisons and did not receive a response in over 30 days." (Id. at 1). Royster also states that he filed a motion for compassionate release with his sentencing court in Shelby County, Alabama in December 2020, but that court has "not responded to [the] motion in over 60 days." Id.

## II.   LEGAL STANDARDS

Because Royster, a state inmate, is seeking redress from a governmental entity or its officers or employees, his complaint is

---

[2] The Alabama Department of Corrections' website reflects that Royster is a recaptured parole violator who was originally sentenced in the Shelby County Circuit Court on August 20, 2002, for robbery and distribution of a controlled substance; that Royster is currently incarcerated at the Mobile County Metro Jail; and that Royster's release date is February 24, 2023. See http://www.doc.state.al.us/InmateHistory.

2

subject to screening and possible dismissal before service of process. See 28 U.S.C. § 1915A (providing for the screening of prisoner complaints seeking redress from a governmental entity or its officers or employees regardless of payment of the filing fee).[3] Under the statute, the court shall review "as soon as practicable" a prisoner's complaint that seeks redress from a government officer or employee and shall dismiss the complaint, or any portion thereof, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a) & (b)(1).[4]

A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" Carroll v. Gross,

---

[3] When he initiated this action, Royster did not submit a motion to proceed without prepayment of fees and did not pay a filing fee. See 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350, except that on application for a writ of habeas corpus the filing fee shall be $5."). Because Royster did not pay a filing fee, this action could also be screened under 28 U.S.C. § 1915(e)(2)(B), the *in forma pauperis* screening provision. See Miller v. Johnstone, 2017 U.S. Dist. LEXIS 137002, at *1 n.1, 2017 WL 4211042, at *1 n.1 (S.D. Ala. Aug. 24, 2017), report and recommendation adopted, 2017 U.S. Dist. LEXIS 137002, 2017 WL 4204025 (S.D. Ala. Sept. 21, 2017).

[4] Similarly, a court is required to dismiss a complaint of a litigant proceeding *in forma pauperis* if the court determines that an action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

3

984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (citations omitted); accord Neitzke v. Williams, 490 U.S. 319, 325 (1989) (stating that a claim is frivolous "where it lacks an arguable basis either in law or in fact"). A claim is frivolous as a matter of law where, *inter alia*, it seeks to enforce a legal right that clearly does not exist. Id. at 327.

A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint may be dismissed for failure to state a claim when, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke, 490 U.S. at 326.

"A prisoner convicted and sentenced under state law may seek federal relief in two primary ways: (1) a petition for habeas corpus, 28 U.S.C. § 2254,[5] or (2) a complaint under 42 U.S.C. §

---

[5] "[A] state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus. All applications for writs of habeas corpus are governed by [28 U.S.C.] § 2241, which generally authorizes federal courts to grant the writ—to both federal and state prisoners. Most state prisoners' applications for writs of habeas corpus are subject

4

1983." Wells v. Att'y Gen., Fla., 470 F. App'x 754, 755 (11th Cir. 2012) (per curiam).  These two avenues of relief "are mutually exclusive: if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a separate § 1983 civil rights action." Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006).  "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  "In contrast, when a prisoner claims that he is being subjected to unconstitutional punishment not imposed as part of his sentence, for example, being confined in conditions that pose a substantial risk of serious harm to his health, the claim is properly raised in a civil rights action." Keys v. Warden, FCC Coleman - Low, 2020 U.S. Dist. LEXIS 122471, at *3, 2020 WL 3962233, at *1 (M.D. Fla. July 13, 2020).

---

also to the additional restrictions of [28 U.S.C.] § 2254.  That is, if a state prisoner is 'in custody pursuant to the judgment of a State court,' his petition is subject to § 2254." Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003).  "Therefore, when the petitioner is a state prisoner and is 'in custody pursuant to the judgment of a State court,' questions concerning both the validity and execution of a sentence are governed by the procedural restrictions of § 2254." Davis v. Bolling, 2018 U.S. Dist. LEXIS 85665, at *3, 2018 WL 2325214, at *1 (N.D. Ala. May 9, 2018), report and recommendation adopted, 2018 U.S. Dist. LEXIS 85215, 2018 WL 2320765 (N.D. Ala. May 22, 2018).

A court affords a *pro se* litigant's allegations a liberal construction, holding them to a more lenient standard than those drafted by an attorney. Tannenbaum v. U.S., 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). However, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quotation omitted). Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

### III. DISCUSSION

In his motion, Royster seeks compassionate release under 18 U.S.C. § 3582(c) based on the "unprecedented, extremely serious health risk posed by continued detention" during the COVID-19 pandemic. (Doc. 1 at 1-2). By statute, a federal court "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). That rule comes with a few exceptions, one of which "allows a federal sentencing court to reduce a *federal* defendant's sentence based on 'extraordinary and compelling' reasons." Stephenson v. Foy, 2021 U.S. Dist. LEXIS 13072, at *5, 2021 WL 243156, at *2 (E.D. Mich. Jan. 25, 2021) (emphasis in original) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). "Section 3582(c) is a federal criminal statute and does not apply to a state

6

prisoner sentenced under state law." Nguyen v. Unknown, 2021 U.S. Dist. LEXIS 18692, at *3, 2021 WL 326157, at *1 (W.D. Va. Feb. 1, 2021). Because Royster is in state custody and was sentenced under state law, the Court does not have authority to order a compassionate release under § 3582(c)(1)(A)(i). See Stephenson, 2021 U.S. Dist. LEXIS 13072, at *5, 2021 WL 243156, at *2 ("Because Petitioner is a state prisoner sentenced under state law, he may not obtain a reduction in his sentence or release under § 3582(c)(1)(A)(i)."); Atkinson v. United States Dist. Ct., 2020 U.S. Dist. LEXIS 223961, at *3, 2020 WL 7931420, at *1 (S.D. Ala. Nov. 25, 2020) ("Given that Atkinson is in state custody, the federal compassionate release statute is wholly inapplicable to him."), report and recommendation adopted, 2021 U.S. Dist. LEXIS 948, 2021 WL 43991 (S.D. Ala. Jan. 5, 2021); Teague v. Colorado, 2020 U.S. Dist. LEXIS 109733, at *14, 2020 WL 3429153, at *5 (D. Colo. June 22, 2020) ("Mr. Teague is in state custody as a parolee on a state offense, and the Court does not have the authority to order a compassionate release from state custody, which is a matter of state law.") (quotation omitted).

Royster's other alleged statutory ground for post-conviction release, 18 U.S.C. § 3142(i)(4), is similarly inapplicable to state prisoners. Section 3142(i)(4) "is a federal criminal statute permitting the temporary release of a federal defendant where 'such release [is] necessary for preparation of the person's defense or

for another compelling reason.'" Hailey v. Bogota, 2021 U.S. Dist. LEXIS 26263, at *22, 2021 WL 509899, at *9 (E.D. Mich. Feb. 11, 2021) (quoting 18 U.S.C. § 3142(i)). Because Royster "is a state prisoner sentenced under state law, he is not entitled to relief under § 3142(i)(4)." See id.; see also Luke v. Larpenter, 2020 U.S. Dist. LEXIS 247019, at *20, 2020 WL 8082414, at *8 (E.D. La. Oct. 23, 2020) ("[P]laintiff is in *state* custody. Therefore, the cited statutory provision, 18 U.S.C. § 3142(i), is inapplicable.") (emphasis in original), report and recommendation adopted, 2021 U.S. Dist. LEXIS 4581, 2021 WL 88917 (E.D. La. Jan. 11, 2021); Pethtel v. Att'y Gen. of Indiana, 704 F. Supp. 166, 169 (N.D. Ind. 1989) (finding state prisoners' reliance on 18 U.S.C. §§ 3142-44 "misplaced").

Royster also writes: "March 26, 2020 Attorney General Barr issued a separate directive ordering the Director of the Bureau of Prisons to prioritize home confinement as appropriate in response to Covid-19 pandemic to protect the jail officials and detainees." (Doc. 1 at 2-3).

> On March 27, 2020, the President signed into law the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), P.L. 116-136, 134 Stat 281. The CARES Act provides, in part, home confinement authority to the Bureau of Prisons during the period beginning on the date on which the President declared a national emergency under the National Emergencies Act (50 U.S.C. 1601 et seq.) with respect to the COVID-19 pandemic, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau. The CARES Act, § 12003(b)(2). In a memorandum dated

> March 26, 2020, U.S. Attorney General William Barr directed the federal Bureau of Prisons ("BOP") to identify suitable inmates for home confinement with COVID-19 risk factors to minimize the risk of inmates' health due to the ongoing COVID-19 pandemic. Off. of the Att'y Gen., Mem. for Dir. of Bureau Prisons, *Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic* (March 26, 2020), https://www.justice.gov/coronavirus; see also Off. of the Att'y Gen. Mem., Mem. for Dir. of Bureau Prisons, *Increasing Use of Home Confinement at Institutions Most Affected by COVID-19* (April 3, 2020), https://www.justice.gov/coronavirus.

Thomas v. Sutton, 2020 U.S. Dist. LEXIS 193190, at *3-4, 2020 WL 7390480, at *2 (E.D. Cal. Oct. 19, 2020), report and recommendation adopted, 2021 U.S. Dist. LEXIS 5107, 2021 WL 77167 (E.D. Cal. Jan. 8, 2021). "However, this form of relief through the CARES Act is available to *federal* prisoners incarcerated at Bureau of Prisons facilities[.]" Id., 2020 U.S. Dist. LEXIS 193190, at *4, 2020 WL 7390480, at *2. Because Royster is a state prisoner, this relief is also unavailable to him.

Finally, to the extent Royster's motion can be construed as a request for habeas relief under § 2254, his claims are not cognizable. First, it is clear that Royster "is not entitled to habeas relief to the extent he seeks compassionate release." See Keys, 2020 U.S. Dist. LEXIS 122471, at *4-6, 2020 WL 3962233, at *2 (stating that a federal prisoner's "request for compassionate release is cognizable under 18 U.S.C. § 3582(c)(1)(A), not 28 U.S.C. § 2241"); Tucker v. Dep't of Corr., 2013 U.S. Dist. LEXIS 36347, at *2, 2013 WL 1091282, at *1 (E.D. Cal. Mar. 15, 2013) ("A

9

[state prisoner's] plea for compassionate release is not one which federal courts, sitting in habeas, or any other situation, are entitled to act upon."); Fox v. Warden Ross Corr. Inst., 2012 U.S. Dist. LEXIS 126478, at *3, 2012 WL 3878143, at *2 (S.D. Ohio Sept. 6, 2012) ("[N]either § 2241 nor § 2254 vest this Court with habeas corpus jurisdiction to order a compassionate release."), report and recommendation adopted, 2012 U.S. Dist. LEXIS 150930, 2012 WL 5198362 (S.D. Ohio Oct. 19, 2012).

Second, Royster's motion does not appear to challenge the validity of his conviction or the legality of his continued confinement. Instead, Royster argues that various "detention conditions create a heightened risk of danger to detainees" due to COVID-19. (See Doc. 1 at 2). Thus, it is apparent that Royster is in fact challenging the conditions of his confinement, because absent those conditions, his claim would not exist. See Matos v. Lopez Vega, 2020 U.S. Dist. LEXIS 80364, at *14, 2020 WL 2298775, at *6 (S.D. Fla. May 6, 2020).

The Eleventh Circuit has "concluded that a petition for a writ of habeas corpus is not the appropriate mechanism for contesting a prisoner's conditions of confinement." A.S.M. v. Donahue, 2020 U.S. Dist. LEXIS 65226, at *3-4, 2020 WL 1847158, at *1 (M.D. Ga. Apr. 10, 2020) (citing Vaz v. Skinner, 634 F. App'x 778, 781 (11th Cir. 2015) (per curiam)). "Accordingly, courts in this circuit . . . have concluded that they lack habeas

10

jurisdiction over claims related to the risk posed by COVID-19." S.S. v. Warden, Stewart Det. Ctr., 2020 U.S. Dist. LEXIS 243494, at *5, 2020 WL 7701520, at *2 (M.D. Ga. Oct. 15, 2020) (collecting cases), report and recommendation adopted, 2020 U.S. Dist. LEXIS 242540, 2020 WL 7700582 (M.D. Ga. Dec. 28, 2020).

Instead, "claims relating to conditions of confinement are more appropriately challenged in a section 1983 civil rights complaint." Hasanati v. United States, 2020 U.S. Dist. LEXIS 194018, at *3, 2020 WL 6150920, at *1 (M.D. Fla. Oct. 20, 2020); see also Keys, 2020 U.S. Dist. LEXIS 122471, at *4-6, 2020 WL 3962233, at *2-3 (dismissing without prejudice federal prisoner's § 2241 petition seeking release based on alleged conditions relating to COVID-19, because the claims were not cognizable in habeas and should be brought in a civil rights complaint).

Furthermore, even if Royster could establish a constitutional violation with respect to his alleged conditions of incarceration, the Court could not grant his requested relief. "[T]he appropriate relief from unconstitutional prison conditions is not release" (as Royster seeks) but rather "a discontinuance of the improper practice or correction of the conditions." McLendon v. Vasquez, 2007 WL 1116592, at *2 (S.D. Ga. Apr. 11, 2007) (citing Gomez v. United States, 899 F.2d 1124, 1126-27 (11th Cir. 1990)); see also Vaz, 634 F. App'x at 781 ("[E]ven if Petitioner established a constitutional violation, he would not be entitled to the relief

11

he seeks because release from imprisonment is not an available remedy for a conditions-of-confinement claim."); Matos, 2020 U.S. Dist. LEXIS 80364, at *15, 2020 WL 2298775, at *6 (S.D. Fla. May 6, 2020) (finding release from custody not to be an available remedy where claims were based on exposure to COVID-19).

Because the statutes on which Royster relies are inapplicable to state prisoners, and the relief sought by Royster is unavailable for his claim, this action is due to be dismissed as frivolous and for failure to state a claim upon which relief may be granted, without prejudice to Royster's right to pursue other avenues of relief that may be available to him, as referenced above.

### IV.   CONCLUSION

For the foregoing reasons, it is recommended that this action be **DISMISSED without prejudice**, prior to service of process, as frivolous and for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a]

party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **15th** day of **March, 2021.**

　　　　　　　　　　　　　　　　　　　　___/s/ SONJA F. BIVINS___
　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**